Clayton L. Everett
State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Attorney for Dan & Lauren Brusaferro

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re:<br>Brandon L. Pelt and Marti Pelt,<br><br>Debtors.<br><br><br>Daniele and Lauren Brusaferro,<br>Movants,<br><br>Vs.<br><br>Brandon L. Pelt and Marti Pelt, Debtors, and Lynda Mooring, Codebtor,<br>Respondents. | Case No. 25-43995-elm13<br><br>Chapter 13<br><br><br><br>Preliminary Hearing Date:<br>*November 12, 2025, at 9:30a.m.* |

**DANIELE & LAUREN BRUSAFERRO'S MOTION FOR RELIEF FROM AUTOMATIC STAY CONCERNING THE LEASEHOLD LOCATED AT 901 CANTERBURY LANE, KELLER, TEXAS 76248 AND RELIEF FROM CO-DEBTOR STAY, MOTION TO REQUIRE DEBTORS TO ASSUME OR REJECT LEASE, AND MOTION TO PROVIDE ADEQUATE ASSURANCES OF PROMPT CURE OF MONETARY DEFAULT**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT OR BEFORE CLOSE OF BUSINESS ON <u>NOVEMBER 6, 2025</u>, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Movants Daniele and Lauren Brusaferro ("Landlords"), lessors of the residential premises located at 901 Canterbury Ln, Keller, Texas 76248 (the "Property"), file this Motion for Relief from Stay and Co-Debtor Stay, Motion to Require Debtors to Assume or Reject Lease, and Motion for Adequate Assurance of Prompt Cure of Monetary Default ("Motion"), and respectfully state as follows:

1. This United States Bankruptcy Court for the Northern District of Texas has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 362, 365, and 1302. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (G), (M), and (O).

2. Venue is proper in the district under 28 U.S.C. § 1409(a).

3. On May 30, 2025, the parties entered into a written Residential Lease for the Property, running from May 31, 2025, through May 31, 2026, at $7,000 per month, payable on the first day of each month. Exhibit A is a true and correct copy of the Lease.

4. Under Paragraph 6 of the Lease, rent unpaid after the third day of the month accrues a $250 initial late fee plus $50 per day thereafter.

5. The Debtors repeatedly defaulted pre-petition. The Landlords issued multiple written notices in September and October 2025 documenting chronic nonpayment, culminating in a Termination of Right to Occupy on October 3, 2025, for nonpayment through October 2025. Exhibit B is a true and correct copy of the Termination notice.

6. As of the Petition Date (October 15, 2025), Debtors were in arrears $19,900, comprised of $14,000 in unpaid monthly rent and $5,900 in accrued penalties. An additional $7,000 monthly payment became due November 1, 2025, bringing the total post-petition exposure to at least $26,900. Exhibit C is a true and correct copy of the Payment History.

7. Debtors filed this Chapter 13 case on October 15, 2025, after receipt of the October termination notice and pending an eviction proceeding and have continued to occupy the Property without payment.

8. No assumption of the Lease has been sought, and no post-petition rent payments or adequate protection have been tendered.

9. The Debtors have not filed their schedules, plan, or statement of intentions as of the filing of this Motion.

10. However, on the Petition the Debtors indicated that they do not currently rent, suggesting that they may not be intending to assume the Lease.

11. Prior to filing this Motion, counsel for the Landlords contacted counsel for the Debtors who was unable to indicate whether the Debtors intend to assume the Lease.

12. Under § 362(d), the Landlords are seeking relief from the stay to pursue their state law rights to continue the eviction proceeding.

13. The Lease is also signed by Lynda Mooring who is not a party to this bankruptcy proceeding. Therefore, under § 1301(c), the Landlords are seeking relief from the co-debtor stay.

**Arguments and Authorities**

A. Cause Exists to Grant Relief from the Automatic and Codebtor Stays

14. The Debtors are in material default under the Lease.

15. The Landlords have not received any post-petition rent payments nor assurances of future payments or prompt curing of the default.

16. The Property is not necessary for the reorganization and the Debtors have not filed a feasible plan or indicated that they are renting the Property under the Petition.

17. Continued occupancy without payment constitutes waste and is an inequitable use of the Landlords' property.

18. Accordingly, relief from the stay and codebtor stay should be granted to allow the Landlords to exercise their state-law remedies, including the possession.

B. <u>Alternatively, the Debtors Must Promptly Assume or Reject the Lease Under § 365(d)</u>

19. The Lease is an unexpired residential lease subject to § 365. Under § 365(d)(2) the Court may order a Chapter 13 debtor to determine promptly whether to assume or reject such lease.

20. Because the Debtors have not paid rent for two months pre-petition, remain in default, nor indicated their intention to assume the Lease, the Landlords request the Court to direct the Debtors to assume or reject the Lease within fourteen (14) days of this Motion.

21. To assume, the Debtors must (a) cure or provide adequate assurance that they will promptly cure all arrears, (b) compensate the Landlords for actual pecuniary losses, and (c) provide adequate assurance of future performance under § 365(b)(1).

C. <u>Adequate Protection and Cure Requirements</u>

22. The Debtors' continued occupancy without payment is depleting the Landlords' rights to current income from the Property.

23. As adequate protection and a condition of assumption, the Debtors must (a) promptly pay $19,900 to cure pre-petition defaults, (b) timely tender $7,000 for November 2025 rent, and (c) maintain ongoing monthly rent thereafter.

24. Failure to make these payments within 14 days should result in automatic termination of the stay and codebtor stay and deemed rejection of the Lease without further hearing.

25. On information and belief, the Debtors may not have the renter's insurance coverage. Movants demand proof of and maintenance of the renter's insurance of the Property.

26. Movants ask the Court to waive the 14-day stay under Rule 4001(a)(3) for any order granting relief from the automatic stay because there is no equity in the Property and the value of Property continues to depreciate.

**WHEREFORE**, Movants Dan and Lauren Brusaferro ask the Court:

1. **Grant relief from the automatic stay** under 11 U.S.C. §§ 362(d)(1) and 1301(c) to permit Landlords to pursue possession and enforcement of their rights under state law; or alternatively;

2. **Order the Debtors to assume or reject the Lease within fourteen (14) days**;

3. Require **prompt cure** of $19,900 in arrears and payment of post-petition rent as a condition of assumption;

4. Provide that failure to comply results in automatic stay termination; and

5. Grant such other and further relief to which the Landlords may be justly entitled.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for Daniele and Lauren Brusaferro

## CERTIFICATE OF CONFERENCE

On October 22, 2025, I contacted counsel for Debtor, Alvin Q. Malone. At that time, Mr. Malone informed me that the Debtor was opposed to the relief sought in the Motion.

                                                                             */s/ Clayton L. Everett*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, a true and correct copy of the above motion shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor(s)*:

  Alvin Q. Malone
  Law Offices of Al Malone
  3100 W. Southlake Blvd., Ste. 110
  Southlake, TX 76092
  (817) 953-3112
  al@maloneattorney.com

*Via US Mail to Debtor(s)*:

  Brandon L. and Marti Pelt
  901 Canterbury Lane
  Keller, TX 76248

*Via US Mail to Codebtor(s)*:

  Lynda Mooring
  901 Canterbury Lane
  Keller, TX 76248

*Via CM/ECF to Chapter 13 Trustee:*
  Tim Truman
  6851 N.E. Loop 820, Suite 300
  North Richland Hills, TX 76180

*Via CM/ECF to US Trustee*:
  United States Trustee
  1100 Commerce Street, Room 976
  Dallas, TX 75202

                                                          */s/ Clayton L. Everett*
                                                          Clayton L. Everett